**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Daniel OBERHOLTZER,**
**Defendant-Appellant.**

**No. 14-30147**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8,
2016 Seattle, Washington

Filed January 04, 2017

Helen J. Brunner, Esquire, Assistant U.S. Attorney, Charlene Koski, Justin Arnold, Norman McIntosh Barbosa, Assistant U.S. Attorneys, DOJ-Office of the U.S. Attorney, Seattle, WA, for Plaintiff-Appellee

Terrence Kellogg, Counsel, Law Office of Terrence Kellogg, Seattle, WA, for Defendant-Appellant

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

**MEMORANDUM** *

Daniel Oberholtzer appeals the imposition of a personal money judgment against him under criminal forfeiture statutes, after he pled guilty to conspiracy to traffic in counterfeit goods. Oberholtzer asserts that: (1) the district court lacked the authority to impose a personal money judgment against him; (2) the personal money judgment was an excessive fine in violation of the Eighth Amendment; (3) the district court erroneously calculated the forfeiture amount; (4) the personal money judgment violated the *ex post facto* clause because it was based on activity that occurred prior to Congress passing the criminal forfeiture statutes; (5) he was deprived of his right to procedural due process due to the district court's application of the expedited forfeiture procedures under Federal Rule of Criminal Procedure 32.2(b)(1); and (6) the district court abused its discretion in denying his motions for a continuance of the forfeiture hearing.

The district court had authority to enter a personal money judgment against Oberholtzer. *See United States v. Casey*, 444 F.3d 1071, 1073–75 (9th Cir. 2006). Oberholtzer argues that *Casey* should be overturned, but this panel may not overturn binding precedent absent a "clearly irreconcilable" Supreme Court decision. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (citation omitted).

Oberholtzer's remaining claims lack merit. *See United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011) (explaining that a personal money judgment is a type of criminal forfeiture); *United States v. Orlando*, 553 F.3d 1235, 1237–38 (9th Cir. 2009) (holding that a district court acted within its discretion when it denied a continuance because the defendant failed to

by 9th Cir. R. 36–3.

demonstrate prejudice); *United States v. Hamilton*, 208 F.3d 1165, 1169 (9th Cir. 2000) (holding that due process requires only "reasonable notice and an opportunity to be heard") (citation omitted); *United States v. Ladum*, 141 F.3d 1328, 1348–49 (9th Cir. 1998) (upholding a criminal forfeiture against an Eighth Amendment challenge); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991), *as amended* (holding that a defendant fails to demonstrate clear error "by pointing to conflicting evidence in the record"); *United States v. Inafuku*, 938 F.2d 972, 973–74 (9th Cir. 1991) (upholding application of the law "as it exists at the end of [a] conspiracy" against an *ex post facto* clause challenge) (citations omitted).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.